UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| WESTCHESTER FIRE INSURANCE COMPANY,<br><br>          Plaintiff,<br>     v.<br><br>31 OPERATING, LLC, 31 GROUP, LLC, LASSO OIL & GAS, LLC a/k/a LASSO OIL & GAS, J. DOE(S) 1-10 (FICTICIOUS NAMES REPRESENTING UNKNOWN INDIVIDUALS), AND XYZ CORP(S) 1-10 (FICTICIOUS NAMES REPRESENTING UNKNOWN CORPORATIONS),<br><br>          Defendants. | **MEMORANDUM AND ORDER**<br><br>21-cv-802 (LDH) (VMS) |

LaSHANN DeARCY HALL, United States District Judge:

  Plaintiff Westchester Fire Insurance Company ("Westchester") commenced this action against Defendants 31 Operating, LLC ("31 Operating"), 31 Group, LLC ("31 Group"), Lasso Oil & Gas, LLC a/k/a/ Lasso Oil & Gas, J. Doe(s) 1-10, and XYZ Corp(s) 1-10 on February 12, 2021. (Compl., ECF No. 1.) Plaintiff asserts claims for specific performance for collateral security, contractual indemnification, breach of indemnity agreement, common law indemnification, exoneration, subrogation, and *quia timet*. (*Id.*) On February 12, 2021, Plaintiff filed a motion for a temporary restraining order ("TRO"), preliminary injunction, and expedited discovery as to Defendants 31 Operating and 31 Group. (ECF No. 2.)

  A preliminary injunction is an extraordinary and drastic remedy and should be granted only where the moving party establishes (1) a likelihood of success on the merits, (2) a likelihood that it will suffer irreparable harm if a preliminary injunction is not granted, (3) that the balance of hardships tips in its favor, and (4) that the public interest is not disserved by relief.

1

*JBR, Inc. v. Keurig Green Mtn., Inc.*, 618 F. App'x 31, 33 (2d Cir. 2015).  The standard for the issuance of a TRO is essentially the same. *Andino v. Fischer*, 555 F. Supp. 2d 418, 419 (S.D.N.Y. 2008).  However, unlike preliminary injunctions, "TROs . . . are characteristically issued in haste, in emergency circumstances, to forestall irreparable harm." *Romer v. Green Point Sav. Bank*, 27 F.3d 12, 16 (2d Cir. 1994).  Not surprisingly, then, a plaintiff's "[d]elay in seeking enforcement of [its] rights . . . tends to indicate at least a reduced need for such drastic, speedy action." *Citibank, N.A. v. Citytrust*, 756 F.2d 273, 276 (2d Cir. 1985); *see also Majorica, S.A. v. R.H. Macy & Co., Inc.*, 762 F.2d 7, 8 (2d Cir. 1985) ("Lack of diligence, standing alone, may . . . preclude the granting of preliminary injunctive relief, because it goes primarily to the issue of irreparable harm.").  So is the case here.

According to the complaint, on or about March 30, 2017, 31 Operating and 31 Group executed a General Agreement of Indemnity in favor of Plaintiff (the "Indemnity Agreement"). (Compl. ¶ 9.)  Under the first provision of the Indemnity Agreement, 31 Operating and 31 Group are jointly and severally obligated to "pay or cause to be paid to the SURETY both the agreed premium and, upon written request by the SURETY at any time, collateral security for its suretyship . . . ." (Compl. ¶ 11.)  Pursuant to that provision, Plaintiff, as surety, made a written demand on 31 Operating and 31 Group to deposit with Plaintiff collateral security in the amount of $1,241,250.00 by letter dated November 3, 2020.  (Pl.'s Mem. L. Supp. TRO ("Pl.'s Mem.") 8, ECF No. 2-1; *see also* Compl., Ex. 2, ECF No 1-6.)  And, although Plaintiff demanded 31 Operating and 31 Group provide the collateral by November 24, 2020, the payment was not, and to this day has not been, made. (*Id.*) This is Plaintiff's first application for a TRO. In other words, Plaintiff waited approximately three months to seek emergency relief from this Court. Plaintiff's delay undermines any need for speedy action by the Court. *Citibank*, 756 F.2d at 276-

77 (ten-week delay was unreasonable); *Carson Optical, Inc. v. Alista Corp.*, No. 19-CV-1725 (SFJ) (AKT), 2019 WL 3729460, at *5 (E.D.N.Y. Aug. 8, 2019) (two- to three-month delay was unreasonable).

Plaintiff's motion for a TRO is denied.  The Court makes no finding with respect to Plaintiff's motion for a preliminary injunction and request for expedited discovery.  The Court will hold a telephonic conference in this matter on February 24, 2020, at 10:00 a.m., during which it will set out a briefing schedule on Plaintiff's motion for a preliminary injunction and hear any request regarding discovery.  Plaintiff shall serve Defendant with copies of its complaint, its motion papers, and this order by February 22, 2021.

SO ORDERED.

Dated: Brooklyn, New York  
     February 18, 2021

/s/ LDH  
LaSHANN DeARCY HALL  
United States District Judge